UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JENNIFER RUDERMAN,

          Plaintiff,

    -v-                    1:20-CV-945

LIBERTY MUTUAL GROUP,
INC., LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON, and
LINCOLN FINANCIAL GROUP,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| COMETTI LAW FIRM<br>Attorneys for Plaintiff<br>P.O. Box 372<br>Delmar, NY 12054 | MARIO D. COMETTI, ESQ. |
| OGLETREE DEAKINS NASH<br>SMOAK & STEWART<br>Attorneys for Defendants<br>2 Monument Square, 7th Floor<br>Portland, ME 04101 | BYRNE J. DECKER, ESQ. |
| OGLETREE DEAKINS<br>Attorneys for Defendants<br>599 Lexington Avenue, 17th Floor<br>New York, NY 10022 | EVAN B. CITRON, ESQ. |

DAVID N. HURD
United States District Judge

## **MEMORANDUM-DECISION and ORDER**

## I. **INTRODUCTION**

On June 25, 2020, plaintiff Jennifer Ruderman ("Ruderman" or "plaintiff"), filed this breach of contract action in Supreme Court, Rensselaer County against defendants Liberty Mutual Group, Inc., Liberty Life Insurance Company of Boston, and Lincoln Financial Group[1] (referred to collectively as "Liberty Mutual" or "defendants"). Plaintiff's two-count state court complaint seeks a declaration that she is entitled to $1,961.49 in bi-monthly long-term disability benefits. Dkt. No. 2.

On August 18, 2020, Liberty Mutual removed Ruderman's suit to federal court. Dkt. No. 1. According to defendants, federal-question jurisdiction exists because plaintiff's state law claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"). Thereafter, defendants moved under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss plaintiff's Complaint in its entirety, and with prejudice. Dkt. No. 9. Plaintiff opposed defendants' motion and cross-moved to amend her pleadings. Defendants replied. The motion is now fully briefed and will be considered on the basis of the submissions without oral argument.

---

[1] Liberty Mutual asserts that Lincoln Financial Group is a trade name and not a legal entity. Ruderman has not disputed this assertion.

## II. BACKGROUND

The following factual allegations are taken from Ruderman's proposed amended complaint, Dkt. No. 18-1, and are assumed true for the purpose of resolving Liberty Mutual's motion to dismiss.

On July 10, 2011, Ruderman fell off her bicycle and struck the left side of her head. Dkt. No. 18-1 ¶ 9. At the time of plaintiff's accident, Liberty Mutual maintained long-term disability ("LTD") coverage for the benefits of its employees, including plaintiff. Dkt. No. 9-1 at 2-3.[2] After plaintiff filed a benefits claim, defendants designated her as "disabled" and began paying her bi-monthly payments of $1,961.49. Dkt. No. 18-1 ¶¶ 10-11.

Under Liberty Mutual's LTD policy, defendants could request to examine or evaluate policy holders receiving LTD benefits at reasonable intervals. Dkt. No. 9-3 at 23. In April of 2017, defendants requested that Ruderman undergo neuropsychological testing and she complied. Dkt. No. 18-1 ¶ 13. Based on the test results, defendants determined that plaintiff was no longer eligible for disability benefits and, in a letter dated September 7, 2017,

---

[2] In deciding this motion, the Court has relied on Ruderman's policy with Liberty Mutual, defendants' September 11, 2018 and December 3, 2019 letters to plaintiff as they are integral to plaintiff's Complaint and she relied upon them in bringing this suit. *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (finding that courts may consider documents integral to complaint and relied upon by plaintiff in bringing suit); *see also Global Network Commc'ns Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason – usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim – was not attached to the complaint.").

terminated her benefits. *Id.* ¶ 15. The letter informed plaintiff that she could request administrative review of defendants' decision to terminate her benefits. *Id.* ¶ 16.

Ruderman then appealed Liberty Mutual's decision to terminate her disability benefits. Dkt. No. 18-1 ¶ 17. In a letter dated September 10, 2018, defendants notified plaintiff that they had reversed their decision to terminate her benefits. Dkt. No. 9-5.

The next day, on September 11, 2018, Liberty Mutual sent Ruderman another letter, informing plaintiff that her most recent neuropsychological assessment did not support a finding of psychologically related neurocognitive impairment. Dkt. No. 9-6. As a result, defendants determined that plaintiff no longer suffered from a physical disability and, thus, was no longer entitled to receive continuous disability benefits. *Id.*

Instead, the assessment found that Ruderman suffered from a mental health condition that limited her work capacity and occupational function. Dkt. No. 9-6. In keeping with defendants' LTD policy, plaintiff's reclassification from a physical disability to a mental health disability meant that her benefits would be capped at eighteen months, backdated to July of 2018. *Id.*

On December 3, 2019, Liberty Mutual sent Ruderman another letter informing her that defendants would terminate her benefits on December 30,

2019.  Dkt. No. 9-7.  As with the previous termination of plaintiff's benefits, the letter informed plaintiff that, pursuant to ERISA, she could request a review of the denial of her benefits within 180 days of her receipt of the letter.  *Id.*  However, unlike last time, plaintiff did not file an administrative appeal.  *Id.*

### III. <u>LEGAL STANDARD</u>

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must present a claim for relief that is plausible on its face.  *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When assessing the plausibility of plaintiff's complaint, the court should construe the complaint liberally and draw all reasonable inferences in plaintiff's favor.  *Ginsburg v. City of Ithaca*, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012).

When ruling on a motion to dismiss, the Court is not limited to the four corners of a plaintiff's complaint and may consider "any written instrument attached to it as an exhibit, materials incorporated by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint."  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (citing *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)).

When "a plaintiff seeks to amend [the] complaint while a motion to dismiss is pending, a court has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to

considering the merits of the motion in light of the amended complaint." *Morris v. N.Y. State Police*, 268 F. Supp. 3d 342, 358 (N.D.N.Y. 2017) (cleaned up).

Pursuant to Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). The court should freely give leave to amend when justice so requires. *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a court need not grant leave to amend a complaint where the amendment would be futile. *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Morris*, 268 F. Supp. 3d at 358 (quoting *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)).

## IV. **DISCUSSION**

ERISA requires that employee benefit plans provide for a full and fair review of claim determinations, and that plan participants avail themselves of these procedures prior to seeking judicial redress. *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 219 (2d Cir. 2006) (citing to 29 C.F.R. § 2560.503-1). Courts uniformly require an ERISA plaintiff to plead that she has exhausted her administrative remedies before bringing suit in federal court. *Neurological surgery, P.C. v. Aetna Health Inc.*, 2021 WL 26097, at *17 (Jan.

4, 2021) (citing to *Alfarone v. Bernie Wolff Constr.*, 788 F.2d 76, 79 (2d Cir. 1986)); *see also Abe v. New York Univ.*, 2016 WL1275661, at *5 (S.D.N.Y. Mar. 30, 2016) (collecting cases) ("[C]ourts routinely dismiss ERISA claims . . . on a 12(b)(6) motion to dismiss where the plaintiff fails to plausibly allege exhaustion of remedies[.]").

In her cross-motion, Ruderman concedes that her state law claims are preempted by ERISA and acknowledges that she did not exhaust her administrative remedies by appealing the December 3, 2019 denial of benefits. *See* Dkt. No. 18 at 8-9. Even so, plaintiff argues that she should be permitted to amend her complaint to assert an ERISA claim because exhaustion would have been futile.[3] *See id.* at 9-18.

In support of her cross-motion to amend, Ruderman outlines six facts which purport to show how she "is the epitome of a Plaintiff who can demonstrate the 'futility' argument." Dkt. No. 18 at 11. Broadly construed, plaintiff's facts advance three arguments: (1) Liberty Mutual erroneously decided to terminate plaintiff's LTD benefits and then sought neuropsychological testing to establish a pretextual reason for doing so;

---

[3] It is worth noting that plaintiff's proposed amended complaint does not allege that the insurance policy at issue was an employee benefit plan. *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140 (1990) ("[I]n order to prevail, a plaintiff must plead, and the court must find, that an ERISA plan exists [.]"). However, Liberty Mutual appears to have conceded that the plan at issue was an employee benefit plan in their moving papers. *See* Dkt. No. 9-1 at 2 ("Liberty Mutual Group established and maintained a plan of long-term disability coverage for the benefit of its employees[.]"). Thus, the Court finds that ERISA governs the plan at issue.

(2) the appeal would have consisted of the same evidence, so the outcome would have been the same; and (3) defendants purposely waited to inform plaintiff of her right to appeal until after her benefits had ended to limit her ability to appeal the decision. *See id.*

As an initial matter, the mere fact that Liberty Mutual might have been likely to deny the claim does not excuse exhaustion. *See Sibley-Schreiber v. Oxford Health Plans (N.Y.), Inc.*, 62 F. Supp. 2d 979, 986 (E.D.N.Y. 1999) (quoting *Commc'ns Workers of Am. v. Am. Tel. & Tel. Co.*, 40 F.3d 426, 432 (D.C. Cir. 1994) ("To fall within the futility doctrine, claimants must 'show that it is certain that their claim will be denied on appeal, not merely that they doubt an appeal will result in a different decision.' "). Even under those circumstances, a plaintiff must show that she made a sincere attempt to appeal the denial or otherwise put defendants on notice that there was a dispute. *See id.* ("Certainly, an allegation of futility is not satisfied by the mere showing that a claim was denied[.]").

Further, the futility exception does not apply where "[t]here is no evidence in the record that [the] ERISA plaintiff even *notified* [the plan administrator] of any disputed claim." *Kennedy v. Empire Blue Cross and Blue Shield*, 989 F.2d 588, 595 (2d Cir. 1993) (emphasis in original). In other words, the mere denial of a claim is not *de facto* evidence of the futility of filing a formal appeal. *Patterson v. J.P. Morgan Chase & Co.*, 01-CV-7513, 2002 WL 207123,

- 8 -

at *3 (S.D.N.Y. Feb. 11, 2002) (citing to *Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 133 (2d Cir. 2001); *Barnett v. Int'l Bus. Mach. Corp.*, 885 F. Supp. 581, 588 (S.D.N.Y. 1995); *Cappiello v. NYNEX Pension Plan*, No. 92-CV-3896, 1994 WL30429 (S.D.N.Y. Feb. 2, 1994)).

In fact, even when a plan administrator evinces an intent to refuse a claim, a plaintiff must still exhaust her remedies, for it is not the place of the court to predict how a plan administrator would decide a claim upon review. *Davenport*, 249 F.3d at 134 (quoting *Wilson v. Globe Specialty Prods.*, 117 F. Supp. 2d 92, 99 (D. Mass. 2000)); *see also Zupa v. Gen. Elec. Co.*, 2016 WL 3976544, at *3 (D. Conn. July 22, 2016) ("Plaintiff has no means to predict how Defendant will act within its claims procedure because Plaintiff has done nothing to initiate that procedure.").

The facts presented by Ruderman in her proposed amended complaint establish that she knew how to file an appeal, had previously done so, and had previously been successful. Plaintiff understood the administrative process. But she has not alleged any facts which show that she attempted to resolve her second dispute prior to filing suit. Instead, plaintiff merely points to the fact that she disagreed with the reclassification of her health status, which, in turn, changed the scope of her benefits.

To the extent that Ruderman argues that the fact that Liberty Mutual failed to notify her about her right to an appeal, it is worth noting that

- 9 -

defendants are not required to inform claimants of their right to an appeal unless there has been a "denial, reduction or termination of . . . a benefit." 29 C.F.R. § 2560.503-1(m)(4). Defendants' September 11, 2018 letter informing plaintiff that she was approved for mental health benefits did not qualify as a denial, reduction, or termination of benefits. Thus, defendants were not required to inform her of her right to an appeal at that time.

Moreover, Ruderman does not dispute that Liberty Mutual informed her of the right to an appeal when they terminated her benefits in December of 2019. As stated above, plaintiff demonstrated that she was aware of defendants' administrative review process and had previously, successfully availed herself of the process. Yet, she has failed to make any showing, nevermind a "clear and positive showing," that exhausting her administrative remedies would have been futile a second time. Accordingly, plaintiff's motion for leave to amend will be denied as futile

## V. **CONCLUSION**

ERISA preempts the state law claims in Ruderman's operative complaint, and amendment would be futile because plaintiff has failed to exhaust her administrative remedies or establish that she is entitled to the futility exception.

Therefore, it is

ORDERED that

1. Defendants' motion to dismiss is GRANTED;

2. Plaintiff's cross-motion to amend is DENIED; and

3. Plaintiff's complaint is DISMISSED.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: March 4, 2021
    Utica, New York.

_____
David N. Hurd
U.S. District Judge